UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TWIN CITY FLOOR COVERING INDUSTRY PENSION FUND AND TWIN CITY FLOOR COVERING INDUSTRY FRINGE BENEFIT TRUST FUND,

Civil No. 00 -CV-2235 JRT/FLN

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

HAGEN COMPANIES, INC. a Minnesota business corporation, and KEVIN HAGEN, individually,

Defendants.

This matter was heard before the undersigned on the 19th day of January, 2001. Jacqueline M. Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on September 29, 2000 seeking an order requiring production of fringe Fund reports and judgment for the amounts shown to be due per those reports.

2. Defendent Hagen Companies, Inc. was served with a Summons and Complaint in this matter on October 13, 2000.



FILED 1-19-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JAN 19 2001
DEPUTY CLERK

3. Defendant Kevin Hagen was served with Summons and Complaint on this matter on October 13, 2000.

4. Defendants have failed to file and serve an Answer to the Summons and Complaint.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing floorcovering work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendants accepted and agreed to be bound by certain a collective bargaining Agreement ("CBA") with the Twin City Carpet, Linoleum and Resilient Tile Layers Local #596, and the Lakes and Plains Regional Council of Carpenters and Joiners of United Brotherhood of Carpenters and Joiners of America. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

7. The bargaining Agreement provides that Defendant pay liquidated damages of ten dollars ($10.00) or 10% of the total amount to be received, whichever is greater, for contributions paid after the end of the month in which they were due.

8. Defendants failed to produce reports and contributions for the period July through October, 2000.

9. Pursuant to the bargaining Agreement, Defendants owe 10% of the contributions shown to be owing pursuant to the July through October, 2000 reports, or $10.00, whichever is greater, as liquidated damages.

10. The bargaining Agreement provides that Plaintiffs are entitled to their

reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must submit payroll report forms and pay the contributions for all months for which Defendant is delinquent.

3. Defendant owes additional amounts for liquidated damages, interest, and attorneys' fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant file reports for July through October, 2000, at the office of Zenith Administrators, 7645 Metro Drive, Minneapolis, Minnesota 55439, correctly identifying hours worked by its employees pursuant to the Collective Bargaining Agreement within 10 days of service of this Order upon them.

3. That Defendant must pay the contributions of all of the hours reported pursuant to the Court's order plus interest, liquidated damages in the amount of 10% of the delinquent contributions, and Plaintiffs' attorneys' fees and costs.

4. That upon the filing of the reports by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, interest, and attorney fees and costs as shown by Affidavit filed

with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

**IT IS SO ORDERED.**

Dated: Jan 19, 2001

BY THE COURT

John R. Tunheim
United States District Court Judge